OPINION
{¶ 1} Defendant-appellant Charles Gruber appeals his convictions and sentences on six counts of aggravated robbery, in violation of R.C.2911.01, entered by the Stark County Court of Common Pleas, following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 17, 2002, the Stark County Grand Jury indicted appellant on eight counts of aggravated robbery in connection with a series of robberies which occurred between February 26, 2002, and March 7, 2002. Appellant entered a plea of not guilty to all the charges contained in the indictment at his arraignment. After his first trial ended in a hung jury, the matter proceeded to trial on August 26, 2002. Prior to the presentation of evidence, appellant requested the trial court limit the State's presenting certain evidence which it had presented at the first trial, to wit: a blowup doll, a penis pump found in appellant's home, and his affair with his sister-in-law. The trial court permitted the State to introduce the evidence, but gave a limiting instruction pursuant to Evid.R. 404.
 {¶ 3} The following evidence was adduced at trial.
 {¶ 4} In late February and early March, 2002, a series of robberies was committed throughout Stark County. The businesses targeted included a gas station, two cash checking establishments, a private club, a shop specializing in "romance" paraphernalia, and a card store. On each occasion, the offender brandished a hunting knife with a cream colored, etched handle, and wore a black snow toboggan mask, dark cloth gloves, and tan work boots or dirty white tennis shoes. All of the victims were women, two were pregnant. Each victim described the assailant as a large man, weighing over 200 pounds. Julie Holbrook, one of the victims, identified appellant by name as the assailant.
 {¶ 5} Following Holbrook's identification, Det. William Mucklo of the Alliance Police Department obtained a search warrant for appellant's residence. Det. Andrew Turowski of the Louisville Police Department subsequently learned of appellant's identification as the robber. The detective called appellant on his cell phone in the early morning hours of March 11, 2002, and asked appellant to come to the Louisville Police Department. Appellant informed the detective he would come to the station after he picked up his vehicle from a repair shop, however, appellant proceeded to his residence. He was observed entering the residence in a brown leather jacket. He exited immediately thereafter without the jacket.
 {¶ 6} Det. Turowski identified himself to appellant, and read appellant his Miranda Rights. Police searched appellant's residence, and confiscated a hunting knife with a six or seven inch blade and a "bone stag handle," work boots, and a pair of tennis shoes. The hunting knife was found in the breast pocket of a brown leather jacket. A black toboggan ski hat with holes cut out, dark gloves, and a knife were discovered in appellant's vehicle. Several of the victims identified the ski hat and gloves as items worn by the assailant.
 {¶ 7} After hearing all the evidence and deliberations, the jury found appellant guilty of six of the eight counts of aggravated robbery. The trial court conducted a sentencing hearing on September 10, 2002. The trial court sentenced appellant to a period of incarceration of nine years on each count. The trial court ordered counts one and two be served concurrently, counts three and five be served concurrently, and count six and eight be served concurrently, but ordered each of the concurrent sentences to be served consecutively to the other, resulting in an aggregate sentence of twenty-seven years.
 {¶ 8} In it is from these convictions and sentences appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION IN LIMINE AND IN FAILING TO SUSTAIN HIS OBJECTIONS TO THE ADMISSION OF THE SAME IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE AT TRIAL.
 {¶ 10} "II. THE TRIAL COURT ERRED WHEN IT DID NOT SENTENCE APPELLANT TO THE MINIMUM TERM OF INCARCERATION CONTRARY TO O.R.C.2929.14(B), IT DID NOT CONSIDER MITIGATING FACTORS PER THE PUPOSES [SIC] AND PRINCIPALS OF FELONY SENTENCING, AND WHEN IT IMPOSED CONSECUTIVE TERMS CONTRARY TO O.R.C. 2929.14(E)(4)."
 I. {¶ 11} In his first assignment of error, appellant contends the trial court erred in denying his motion in limine, and in overruling his objections to the admission of certain evidence at trial. The evidence at issue is a blow-up doll, a penis pump, and testimony relative to appellant's affair with his sister-in-law. Appellant submits the admission of this "other crimes, wrongs, or acts" evidence prejudiced him.
 {¶ 12} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 13} Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident".
 {¶ 14} Evid.R. 404(B) is to be strictly construed against the State and the admissibility of "other acts" evidence. However, if the other acts "tend to show" by substantial proof any of those purposes enumerated in Evid.R. 404(B), such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then the evidence of the other acts is admissible for such limited purpose.
 {¶ 15} The trial court gave a limiting instruction to the jury, cautioning them on and clarifying the use of the other acts and wrongs evidence. During the final instructions to the jury, the trial court instructed the jury as follows:
 {¶ 16} "Evidence was received about the commission of wrongs or acts other than the offenses with which the Defendant is charged in this trial. That evidence was received only for a limited purpose. It was not received and you may not consider it to prove the character of the Defendant in order to show that he acted in conformity with that character.
 {¶ 17} "If you find that the evidence of other wrongs or acts is true, and that the Defendant committed them, you may consider that evidence only for purposes of deciding, whether it proves the absence of mistake or accident, the Defendant's motive, opportunity, intent or purpose, preparation or plan to commit any one or more of the offenses charged in this trial, knowledge of circumstances surrounding the offenses charged in this trial, the identity of the person who committed the offenses in this trial."
 {¶ 18} We note juries are presumed to follow such instructions. See, e.g. State v. Loza (1994), 71 Ohio St.3d 61, 75. The jury ultimately acquitted appellant of two of the eight charges. Although we believe the prejudicial value of the challenged evidence outweighs its tangential relevance to the crimes charged, in light of the trial court's limiting instructions as well as the presumption a jury follows the instructions, we are unwilling to conclude the trial court abused its discretion in admitting the evidence of which appellant complains.
 {¶ 19} Appellant first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, appellant maintains the trial court erred in failing to sentence him to a minimum term of incarceration and in ordering appellant's sentences be served consecutively.
 {¶ 21} We first address appellant's assignment of error as it relates to the trial court's imposition of more than the minimum sentence for his convictions. Appellant was sentenced on three felonies of the first degree. The penalty for a felony of the first degree is a term of imprisonment from three to ten years. R.C. 2929.14(A)(1). In the instant action, the trial court sentenced appellant to three nine year periods of incarceration.
 {¶ 22} R.C. 2929.14(B) provides: "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 23} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 24} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 25} In interpreting this requirement, the Supreme Court of Ohio has held: "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, syllabus. Rather, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
 {¶ 26} We find the trial court complied with R.C. 2929.14(B) in sentencing appellant. The trial court specifically found the shortest prison sentence would demean the seriousness of appellant's conduct and would not adequately protect the public. Sentencing Tr. at 16.
 {¶ 27} Although not required, the trial court noted the evidence presented at trial which supported those findings. Appellant chose establishments at which a woman was working alone or with another woman. Two of the victims were pregnant at the time of the offense. All of the victims emotionally detailed the events of the crimes in which they were involved. Further, appellant brandished a knife during the commission of each offense. We find no error in the trial court's sentencing appellant to terms of imprisonment greater than the statutory minimum.
 {¶ 28} We now turn to appellant's assertion the trial court erred in imposing consecutive sentences upon him.
 {¶ 29} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following: "a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense; "b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or, "c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Id.
 {¶ 30} If a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C.2929.19(B)(2)(c). At the September 10, 2002 sentencing hearing, the trial court stated:
 {¶ 31} "THE COURT: Their testimony as they were giving this testimony, and even to this day from their testimony you could see the fright and terror experienced by these victims as a result of your actions.
 {¶ 32} "And you maybe at one time served our country with honor, but there is no honor in the crimes that you have committed.
 {¶ 33} "By and large, you preyed on establishments that had women who, for the most part, were working alone or perhaps with another woman. In two of the instances the women were pregnant and yet you chose to continue along the path, and not only did you commit the robberies, but you did it by brandishing a knife.
 {¶ 34} "And as the Court said, as these witnesses testified, you could hear the emotion. You could see the emotion as they remember and as they were required to reenact the incident.
 {¶ 35} "And based upon the statement read today by the Prosecuting Attorney, based upon the statements contained in the Victim Impact Statement, the harm that you caused to these individuals is great.
 {¶ 36} "As such, the Court is going to impose a prison sentence of nine years as to each count. * * *
 {¶ 37} "In imposing these consecutive sentences the Court, first of all, finds that there was a separate and distinct animus for each of those acts.
 {¶ 38} "So the Court believes that the Court could have justified consecutive sentences as to each of these offenses.
 {¶ 39} "The Court has determined that it will group them in this manner because in part due to some of the timing and because the Court feels that this overall sentence is appropriate and each individual sentence is appropriate.
 {¶ 40} "The Court finds that the consecutive sentences are necessary or are necessary in order to fulfill the purposes of Revised Code 2929.11 and not disproportionate to the seriousness of the Defendant's conduct or the danger that the Defendant poses.
 {¶ 41} "And the Court further finds, as the Court stated previously, that the harm, and this is psychological harm, that you caused was great or unusual." Sentencing Tr. at 16-19.
 {¶ 42} We find the trial court complied with the mandate of R.C.2929.14(E), and did not err in sentencing appellant to consecutive sentences.
 {¶ 43} Appellant's second assignment of error is overruled.
 {¶ 44} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, J. and Edwards, J. concur.